UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

THE ESTATE OF JOSHUA E. EBINGER,
  By personal representative Lisa Ebinger,

    PLAINTIFF

vs.

A.J. SMITH, in his individual capacity and his official capacity with the Ripley County Sheriff's Office;

and

ROB BRADLEY, in individual capacity and his official capacity as Ripley County Sheriff

and

RIPLEY COUNTY SHERIFF'S OFFICE

and

RIPLEY COUNTY COMMISSIONERS

and

JOE MANN, in his individual capacity and his official capacity with the Versailles Police Department

and

VERSAILLES TOWN COUNCIL

and

BEN BASTIN, in his individual capacity and his official capacity with the Indiana State Police
and

INDIANA STATE POLICE
    DEFENDANTS

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

1. This complaint arises out of the wrongful death of Joshua E. Ebinger (hereinafter "Ebinger") wherein Ebinger was shot and wrongfully killed by police officers and then there was a failure to render aid to Ebinger. As a result of Ebinger's death, the Estate of Joshua Ebinger (hereinafter "Estate") was created.

2. This Court has subject matter jurisdiction of this case under 28 USC 1331 because the Estate brings this action

3. This Court has venue pursuant to 28 USC 1391(b)(1) and (2) because the Defendants are located in this judicial district and death of Ebinger occurred in this judicial district.

4. Plaintiff, the Estate of Joshua E. Ebinger (hereinafter "Estate" or "Plaintiff") is a legal entity established pursuant to Indiana codes and laws to address legal claims as a result of the death of Ebinger which was filed and opened in Ripley Circuit Court, Ripley County, Indiana

5. Ebinger, at the time when he was shot death on October 10, 2021, was thirty-seven (37) years of age and a father to five (5) children, who are now twenty-two (22), twenty (20), nineteen (19), fourteen (14) and seven (7).

6. Defendant, A.J. Smith (hereinafter "Smith") was an officer with the Ripley County Sheriff's Office at the time that Ebinger was shot to death.

7. Defendant, Rob Bradley (hereinafter "Bradley"), was an officer with the Ripley County Sheriff's Office at the time that Ebinger was shot to death. Bradley is also the currently elected sheriff for the Ripley County Sheriff's Office.

8. Defendant, Ripley County Sheriff's Department, was the employer for Defendants Bradley and Smith.

9. Defendant, Ripley County Commissioners, is a political subdivision of the State of Indiana. 10. The Ripley County Commissioners is the legislative body for Ripley County, and is responsible, among other things, for auditing and authorizing claims against the County.

11. Defendant Joe Mann (hereinafter "Mann") was an officer with the Versailles Police Department at the time that Ebinger was shot to death.

12. Defendant, Versailles Town Council, is a political subdivision of the State of Indiana and is the legislative entity responsible for overseeing the city of Versailles, Indiana

13. Defendant, Ben Bastin (hereinafter "Bastin") was an officer with the Indiana State Police at the time that Ebinger was shot to death.

14. Defendant, Indiana State Police, is a statewide law enforcement agency of the State of Indiana.

15. At all times relevant, Defendants Smith, Bradley, Mann and Bastin were acting in the course and scope of their employment with their respective police departments on October 10, 2021 when they responded to a 911 call from dispatch.

16. That prior to their arrival where Ebinger was located, there was a discussion that occurred among the Defendant-officers concerning whether or not to contact the SWAT team to handle the situation and wait for the SWAT team to arrive before going to the reported address from dispatch.

17. That a determination was made to go forward and not contact SWAT to handle the situation with Ebinger.

18. That when the officers arrived on the scene, Ebinger was inside the reported location from dispatch.

19. That shortly after the police arrived, the alleged victim involved in the 911 dispatch call walked outside of the residence.

20. That at that point, it was only Ebinger in the residence and the Defendant-officers was asking Ebinger to come outside.

21. That Ebinger did come outside and within a matter of minutes, he was shot by two (2) officers approximately eleven (11) times; namely Smith and Bastin.

22. That there were no shots fired by Bradley and Mann even though they were present when Ebinger was killed.

23. That no medical aid was rendered to Ebinger at the time that he was shot by the officers.

24. That a medical helicopter was approaching the location where Ebinger had been shot but the medical helicopter was advised to turn around.

25. That Ebinger was shot during the 9am hour in the morning and his was body was left on the ground for hours until he was released to the Hamilton County Coroner after 530 p.m. on the same day.

26. That after Ebinger's death, it was determined that his blood alcohol levels were over the legal limit for driving.

NOTICE OF TORT CLAIM

27. On April 6, 2022, a Notice of Tort Claim was sent for service via certified mail pursuant to I.C. 34-13-3-8.

42 U.S.C. SECTION 1983

28. The unjustified shooting of Ebinger by Bastain and Smith deprived Ebinger of his right to be secure in his person against unreasonable searches and seizures guaranteed to Ebinger under the Fourth Amendment of the US Constitution and applied to state actors by the Fourteen Amendment.

29. The unreasonable use of force by Bastin and Smith deprived Ebinger of his right to be secure in his person against unreasonable searches and seizures guaranteed to Ebinger under the Fourth Amendment of the US Constituion and applied to state actors by the Fourteen Amendment.

30. As a result of the unreasonable use of force, Ebinger's lost his life and his earning capacity in order to be able to support his children.

31. Ebinger's children have lost the ability to be able to have support of Ebinger's earning capacity and lost his companionship and love.

32. As a result of Bastain and Smith's wrongful conduct, they are liable for the injuries that Ebinger sustained from being shot.

33. As a result of Bastain, Smith, Mann and Bradley all failing to render medical aid and allowing him law on the ground for hours after Ebinger died, they are all liable for his eventual death.

34. That the use of deadly force was excessive because there were other options that were available in this situation and the SWAT team should have been utilized to address the situation.

35. That when there was a medical helicopter that was dispatched to the scene of the wrongful shooting of Ebinger, the medical helicopter was told to turn around.

36. That the conduct of the Defendant-Officers was willful, wanton, malicious and done with reckless disregard for the rights and safety of Ebinger and such actions warrant punitive damages.

WRONGFUL DEATH STATUTE

37. The Estate brings this wrongful death action pursuant to I.C. 34-23-1-1, et. seq. That this claim is being authorized on behalf of the appointed Personal Representative for this matter, Lisa Ebinger.

38. The Estate's claims under state law are actionable under the aforementioned Indiana wrongful death statue.

39. Ebinger died as a result of the wrongful act or omission of the Defendant-officers.

40. Ebinger was wrongfully shot and then no medical aid rendered to him.

41. As a direct and proximate result of the Defendant-officers wrongful act of injuring Ebinger and then failing to render necessary medical care, the Estate is entitled to recover damages under the wrongful death statute.

42. Ebinger had five children which he had genuine, substantial and ongoing relationships with during time periods in which he was alive prior to being wrongful shot without any medical aid being rendered to him after he was shot.

43. Ebinger was wrongfully injured and killed by the Officers. As a direct result of the Defendants' wrongful acts, the Estate is entitled to recover damages under the wrongful death statute.

44. That as a result of the direct and proximate result of the acts and omissions of the Officers conduct described herein, Ebinger died.

45. The Estate reserves the right to assert all legal theories which the facts support pursuant to the pleading requirements of Fed. R. Civ. Pro. 8.

RESPONDENT SUPERIOR

46. Cities, counties and towns are liable for the all common law torts their employees commit in the scope and their employment under the doctrine of respondent superior.

47. At all times discussed in and relevant to this complaint, the Defendant-officers were employed by either the Ripley County Sheriff's Office, the Versailles Police Department or the Indiana State Police.

48. At all times discussed in and relevant to this complaint, the Defendant-officers were acting within the scope of their employment.

49. If the Defendant-Officers are found liable to the Estate for the killing of Ebinger, the respective entities, towns and counties wherein each of the Defendant-officers were employed are liable under the doctrine of respondent superior.

JURY TRIAL DEMAND

50. The Estate demands a trial by jury on all claims made herein against the Defendants.

PRAYER FOR RELIEF

51. That as a result of the wrongful act or omission in the death of Joshua E. Ebinger, the Estate respectfully prays that the Court:

1) ENTER JUDGEMENT against all of the Defendants, jointly and severally, for damages under both federal and state law, including the Indiana Wrongful Death Statute;

2) ENTER JUDGMENT against the Defendants that are in included in their individual capacity in an amount to be proven at trial;

3) AWARD the Estate compensatory damages for the medical, hospital, funeral and burial expenses that were incurred by the Estate;

4) AWARD the Estate for children's loss of earnings and lost of love of Ebinger as a result of the wrongful act or omission of the Defendants;

5) AWARD the Estate its costs and reasonable attorney's fees and costs; and

6) GRANT all other just and necessary relief this Honorable Court deems necessary under the circumstances.

Date: October 10, 2023

/s/Bethanni Forbush-Moss
LAW OFFICES OF FORBUSH-MOSS PSC
10413 Taylorsville Road
Louisville, KY 40299
Telephone No. (502) 267-6262 Fax No. (502) 267-6565
Email: Attorney@Kentuckianalaw.net