UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| THE ESTATE OF JOSHUA E. EBINGER, ) <br> By personal representative Lisa Ebinger, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> A.J. SMITH, in his individual capacity and his ) <br> official capacity with the Ripley County Sheriff's ) <br> Office, ROB BRADLEY, in his individual capacity ) <br> and his official capacity as Ripley County Sheriff, ) <br> RIPLEY COUNTY SHERIFF'S OFFICE, RIPLEY ) <br> COUNTY COMMISSIONERS, JOE MANN, in his ) <br> individual capacity and his official capacity with the ) <br> Versailles Police Department, VERSAILLES TOWN ) <br> COUNCIL, BEN BASTIN, in his individual capacity ) <br> and his official capacity with the Indiana State Police, ) <br> and INDIANA STATE POLICE, ) <br> ) <br> Defendants. ) | Cause No. 4:23-CV-00171-SEB-KMB |

**BRIEF IN SUPPORT OF RIPLEY COUNTY COMMISSIONERS'
MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(1)&(6)**

Defendant, Ripley County Commissioners ("Ripley County"), by counsel, seeks a dismissal of this action against it pursuant to Fed. R. Civ. P. 12(b)(6), stating:

**Facts Alleged**

On October 10, 2021, a 911 call resulted in law enforcement being dispatched to a location where plaintiff's decedent, Joshua E. Ebinger ("Ebinger"), was located with an "alleged victim." [Complaint, para. 15, 16, and 19; dkt 1] Ebinger was inside a residence with "the alleged victim," who "walked outside of the residence" after law enforcement officers arrived. Ebinger was asked to come outside, he ultimately did come outside, and thereafter Ebinger was shot by two (2) of the officers at the scene. [Id., para. 19 – 21; dkt 1]

Plaintiff alleges that Ripley County Deputy A.J. Smith and Deputy Rob Bradley (who is

1

now the Ripley County Sheriff) were acting in the course and scope of their employment with the Ripley County Sheriff's Department/Office at the time in question, that "Cities, counties and towns are liable for the all (sic) common law torts their employees commit in the scope of their employment," and that Ripley County (through its Commissioners) is "liable under the doctrine of respondeat superior." [Complaint, para 7, 8, 46-49, dkt 1]

### Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A dismissal pursuant to Rule 12(b)(6) serves the valuable function of saving judicial and party resources in cases in which it would not be productive to proceed. *Worthington v. Subaru-Isuzu Automotive, Inc.*, 868 F. Supp. 1067, 1068 (N.D. Ind. 1994). When deciding a Rule 12(b)(6) motion to dismiss, the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Kirk v. City of Kokomo*, 772 F. Supp.2d 983, 988 (S.D. Ind. 2011) (citing *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991)). Factual allegations in the complaint must be sufficient to raise the possibility of relief above a speculative level, assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). "'[L]egal conclusions [or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" need not be accepted as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-679). In fact, plaintiffs cannot "merely parrot the statutory language of the claims that they are pleading." *Brooks*, 578 F.3d at 581 (rejecting Section 1983 allegations that the defendant "knowingly,

intentionally, and maliciously" retaliated because of the exercise of constitutional rights). Instead, after properly disregarding conclusory and legal allegations, this Court must focus on the alleged facts to determine whether Plaintiffs have nudged the likelihood of success "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court may take into consideration documents incorporated by reference to the pleadings and may take judicial notice of matters of prior judicial proceedings. *520 S. Mich. Ave. Assocs., Ltd. v. Shannon,* 549 F.3d 1119, 1137 n.14 (7th Cir. 2008); *see also U.S. v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991).

### Discussion

In its Complaint, the plaintiff Estate alleges that the interaction that occurred between Joshua E. Ebinger and various law enforcement officers (including two Ripley County Deputies) on October 10, 2021, resulted in a violation of Fourth Amendment rights, *respondeat superior* liability, and the wrongful death of Joshua E. Ebinger. There is no allegation that Ripley County (which acts through its Board of Commissioners) or any individual member of the Board of Commissioners was involved, in any fashion, in the events recited in the plaintiff's Complaint.

Indiana law is clear, however, that each and every sheriff and his/her agents/employees act independently of the county in which they reside. Neither the county nor the commissioners of that county have any control over the decisions of the sheriff or the sheriff's deputies as to how calls are handled, interaction with the public, or actions/inactions of the sheriff's department. As a result, Ripley County is not a proper party to this case and should be dismissed.

As early as 1908, courts have recognized that counties and/or county commissioners are not liable for damages for the conduct of the sheriff or the sheriff's deputies in that particular county. See *Pritchett v. Board of Commissioners of Knox County*, 85 N.E.2d 32 (Ind. Ct. App. 1908). Indiana Constitutional and statutory law clearly establish county sheriffs as independently

elected law enforcement officers, who operate their respective departments and jails, as well as enforce the criminal laws and civil process within their jurisdictional boundaries. See, I.C. § 36-8-10-9. Therefore, the county in which the sheriff and his/her deputies operate does not have the authority to control the conduct of the sheriff, the deputies, or any other subordinate. This fact of such lack of control is particularly important in claims involving allegations of interaction with the public, as in the present case. The county cannot tell a sheriff when or how to treat or care for individuals who call for law enforcement services or assistance.

Ripley County does not "employ" the Ripley County Sheriff or any of his deputies. Under Indiana law, a county's board of commissioners serves as that county's executive. I.C. 36-2-2-2. In this role, it has no authority over or responsibility for law enforcement within the county. To determine whether a particular local government is responsible for the policy at issue, courts must look to state law. *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 786 (1997). Under Indiana law, the county sheriff is "the final policymaker for law enforcement in his or her particular jurisdiction." *Eversole v. Steele*, 59 F.3d 710, 716 (7th Cir.1995). The county sheriff and the county are not responsible for each other's actions. *Estate of Drayton v. Nelson*, 53 F.3d 165, 167-68 (7th Cir. 1994). The law is well-settled that county commissioners do not have control over the acts of a sheriff. *Waldrip v. Waldrip*, 976 N.E.2d 102, 119 (Ind. Ct. App. 2012). Indeed, under Indiana law, county commissioners do not have a duty to supervise, hire, discipline or train the agents of independent offices under the state constitution. *Delk v. Bd. of Comm'rs of Delaware Cnty.*, 503 N.E.2d 436, 440 (Ind. Ct. App. 1987).

Similarly, the Ripley County Commissioners do not supervise or control the actions of the Ripley County Sheriff. Rather, the Commissioners are the county executive body. I.C. 36-2-2-2. The County Council is the county fiscal body. I.C. 36-2-3-2. Their respective duties are established by state law and generally involve establishing county financial policy, budgets and taxation.

Absent from those duties are any responsibility for the Sheriff. *See* I.C. 36-2-3.5 and I.C. 36-2-5.

The Indiana Court of Appeals, in the case of *Radcliff v. County of Harrison*, 618 N.E.2d 1325 (Ind. Ct. App. 1993), answered the question of "whether the counties and the county commissioners may be held responsible for the action of the county sheriffs" in the negative, stating:

> "A county and its Commissioners have no control over the actions of the county Sheriff. Carver v. Crawford, (1990), Ind. App., 564 N.E.2d 330. Therefore, County Commissioners have no liability for the Sheriff's actions. Id. The County and its Commissioners cannot be held liable for a claim of false imprisonment made against a County Sheriff. Delk v. Board of Commissioners of Delaware County, (1987), Ind.App., 503 N.E.2d 403. Therefore, summary judgment was appropriately entered in favor of the counties and its Commissioners."

Id at 3128.

The Seventh Circuit Court of Appeals recognized the continuing validity of these Indiana cases, holding not only that it was improper to name the county as a defendant based on the alleged improprieties of sheriff's deputies, but that "naming of the county was not only a mistake; it was a mistake that no competent lawyer should have made." *Estate of Drayton v. Nelson*, *supra* at 167-8.

In the present case, there is no good faith basis for the plaintiff to even attempt to hold Ripley County liable for the alleged acts of the Ripley County Sheriff's Department, the Ripley County Sheriff, or an individual Ripley County Sheriff's Deputy. Dismissal is therefore appropriate in favor of the Ripley County Commissioners as a group of defendants or as Ripley County in this matter.

## Conclusion

Defendants, Ripley County Commissioners, request that the Court, pursuant to Fed. R. Civ. P. 12(b)(6), dismiss plaintiff's Complaint against them, and for any and all further relief

which the Court deems just and appropriate.

                      Respectfully submitted,

                      CARSON LLP

                      By:    s/ Douglas A. Hoffman
                              Douglas A. Hoffman/ #15459-53
                              Attorneys for defendants,
                              Ripley County Commissioners

301 W. Jefferson Boulevard, Suite 200
Fort Wayne, IN 46802
Telephone: (812) 345-0988
hoffman@carsonllp.com

## CERTIFICATE OF SERVICE

      I certify that on December 8, 2023, I electronically filed the foregoing document. A copy of this document will be served on the following via the Court's electronic filing system.

Bethanni Forbush-Moss
LAW OFFICES OF FORBUSH-MOSS, PSC
attorney@kentuckianalaw.net

Gustavo A. Jimenez
DEPUTY ATTORNEY GENERAL
Gustavo.Jimenez@atg.in.gov

Stephen C. Keller
BARNES MALONEY PLLC
skeller@sbmkylaw.com

                              s/ Douglas A. Hoffman
                              Douglas A. Hoffman