UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| THE ESTATE OF JOSHUA E. EBINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-00171-SEB-KMB |
| ) | |
| A.J. SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTIONS TO DISMISS**

Plaintiff, the Estate of Joshua E. Ebinger, by personal representative Lisa Ebinger, brings this lawsuit pursuant to 42 U.S.C. § 1983 and Indiana's Wrongful Death Statute, Indiana Code § 34-23-1-1, *et seq*. against several defendants who were involved in a police action shooting that resulted in Mr. Ebinger's death. Now before the Court are the Motions to Dismiss filed by Defendant Ripley County Commissioners ("Ripley County") [Dkt. 16] and Defendants Indiana State Police ("ISP") and ISP Trooper Ben Bastin [Dkt. 19]. Defendants Ripley County Sheriff's Officer A.J. Smith, Ripley County Sheriff Rob Bradley, and the Ripley County Sheriff's Office have also joined in the ISP's motion to dismiss. For the reasons detailed below, Defendants' Motions to Dismiss are <u>GRANTED</u>.

**Factual Background**

On October 10, 2021, a 911 call resulted in law enforcement being dispatched to a residence where Plaintiff's decedent, Joshua E. Ebinger, was inside with another individual. Upon law enforcement's arrival, the other individual walked outside the residence while Mr. Ebinger remained inside. Law enforcement asked Mr. Ebinger to

1

come outside, which he did. The complaint alleges that "within a matter of minutes," Mr. Ebinger was shot approximately eleven times by Defendants Bastin and Smith. Defendant Bradley was also present at the time of the shooting but is not alleged to have fired any shots. Following the shooting, no one at the scene rendered medical aid to Mr. Ebinger and he eventually died.

Plaintiff alleges that Defendants Bastin and Smith used excessive force against Mr. Ebinger, in violation of his Fourth Amendment rights and that Defendants Bastin, Smith, and Bradley all failed to render Mr. Ebinger medical aid after he was shot, resulting in his wrongful death. Plaintiff has brought these claims against Defendants Bastin, Smith, and Bradley in their official and individual capacities. Plaintiff also alleges that the ISP, Ripley County Commissioners, and Ripley County Sheriff's Office are liable for Mr. Ebinger's death under a theory of *respondeat superior*.

## Legal Analysis

I. **Applicable Legal Standard**

Defendants have moved for dismissal under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss under Rule 12(b)(1), we "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Franzoni v. Hartmax Corp.*, 300 F.3d 767, 771 (7th Cir. 2002) (citation omitted). We may, however, "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter

2

jurisdiction exists." *Estate of Eiteljorg ex rel. Eiteljorg*, 813 F. Supp. 2d 1069, 1074 (S.D. Ind. 2011) (citation omitted).

In addressing a motion under Rule 12(b)(6), the Court accepts as true all well-pled factual allegations in the complaint and draws all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and its "[f]actual allegations must . . . raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted). The complaint must therefore include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* FED. R. CIV. P. 8(a)(2). Stated otherwise, a facially plausible complaint is one which permits "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.   Ripley County

Ripley County is entitled to a dismissal of the claims alleged against it in this lawsuit. Plaintiff's complaint contains no allegations that Ripley County, which acts through its Board of Commissioners, or any individual member of the Board, was involved in any fashion in the events culminating in Mr. Ebinger's death. Rather, Plaintiff alleges only that Ripley County is liable under a theory of *respondeat superior*. However, "the doctrine of *respondeat superior* does not apply to § 1983 actions …." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Additionally, under well-established Indiana law, Ripley County cannot be held liable for the conduct of the

Ripley County Sheriff's Office or any of the Sheriff's Deputies as they are not employees of or otherwise under Ripley County's control. *See Radcliff v. County of Harrison*, 618 N.E.2d 1325, 1328 (Ind. Ct. App. 1993), *aff'd in part, vacated in part on other grounds*, 627 N.E.2d 1305 (Ind. 1994) ("A county and its Commissioners have no control over the actions of the county Sheriff. … Therefore, County Commissioners have no liability for the Sheriff's actions."); *accord Estate of Drayton v. Nelson*, 53 F.3d 165, 167 (7th Cir. 1994) (applying Indiana law and observing that a "[c]ounty has no authority over the Sheriff and his deputies" and thus cannot be liable for their actions). Plaintiff has put forward no argument otherwise. Accordingly, all claims against the Ripley County Commissioners are dismissed.

### III. Indiana State Police and Trooper Bastin

Although not entirely clear from the complaint, we understand Plaintiff to allege both § 1983 and state law wrongful death claims against both the Indiana State Police and Trooper Bastin in his official and individual capacities ("the State Defendants"). The Indiana State Police has moved to dismiss all claims alleged against it, and Trooper Bastin seeks dismissal of all but Plaintiff's § 1983 individual capacity claim against him. Plaintiff has not responded to the State Defendants' Motion to Dismiss.

The Indiana State Police seeks dismissal of Plaintiff's constitutional claim brought under § 1983 on the basis that it is not a "person" within the meaning of § 1983. The law is clear that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). The Indiana State Police is an agency of the State of Indiana. *See Endres v. Ind. State Police*,

349 F.3d 922, 927 (7th Cir. 2003) ("The Indiana State Police, as a unit of state government, is not a 'person' as § 1983 uses that term and therefore is not amenable to a suit for damages under that statute."). Therefore, the Indiana State Police cannot be sued for money damages under § 1983, and Plaintiff's § 1983 claim against it is therefore dismissed. Additionally, any official capacity claim against Trooper Bastin under § 1983 must likewise be dismissed because state officials acting in their official capacities are also not "persons" who can be sued for money damages under § 1983. *See Will*, 491 U.S. at 71; *Endres*, 349 F.3d at 927.

Next, the State Defendants seek dismissal of the state wrongful death claim brought against the Indiana State Police and Trooper Bastin in his official capacity on the grounds that the Court does not have jurisdiction to adjudicate such claims against the State under the Eleventh Amendment. The Eleventh Amendment "grants states immunity from private suits in federal court without their consent." *Nuñez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016) (citations omitted). Agencies of the state and state officials acting in their official capacity are likewise entitled to this same immunity. *See Katz-Crank v. Haskett*, 843 F.3d 641, 650–51 (7th Cir. 2016) ("[A] claim that state officials violated state law in carrying out their official responsibilities is a claim again the State that is protected by the Eleventh Amendment.") (citation omitted). Plaintiff does not dispute that the Indiana State Police is a nonconsenting state agency, that Trooper Bastin is a nonconsenting state official sued in his official capacity, and that Congress has not abrogated Indiana's Eleventh Amendment immunity for Plaintiff's wrongful death claims. Accordingly, Plaintiffs' wrongful death claims against the Indiana

5

State Police and Trooper Bastin in his official capacity are dismissed without prejudice for lack of subject matter jurisdiction.

Trooper Bastin also cannot be sued for wrongful death in his individual capacity. Plaintiff's complaint expressly alleges that all Defendants, including Trooper Bastin, were acting within the scope of their employment at all relevant times. Compl. ¶¶ 15, 48. Accordingly, Trooper Bastin cannot be held personally liable for Plaintiffs state law claim for wrongful death. IND. CODE § 34-13-3-5(b) ("A lawsuit alleging that an employee acted within the scope of the employer's employment bars an action by the claimant against the employee personally."); *see also City of Gary v. Conat*, 810 N.E.2d 1112, 1118 (Ind. Ct. App. 2004) ("[The Indiana] supreme court recently decided … that a plaintiff cannot sue a governmental employee personally if the complaint, on its face, alleges that the employee's acts leading to the claim occurred within the scope of his employment.") (citation omitted). Plaintiff's state law wrongful death claim against Trooper Bastin in his individual capacity is therefore dismissed without prejudice. *See Wynn v. City of Indianapolis*, 496 F. Supp. 3d 1224, 1236 (S.D. Ind. 2020) ("The complaint expressly alleges that [the defendant officers] were acting within the scope of their employment at all relevant times. … Accordingly, they cannot be held personally liable for [the plaintiff's] state law claim[] for … wrongful death.").

IV. **Ripley County Sheriff's Office, Sheriff Bradley, and Officer Smith**

The Ripley County Sheriff's Office, Sheriff Bradley, and Officer Smith have joined their co-defendants' motions to dismiss with regard to the arguments presented concerning the § 1983 claim alleged against the Ripley County Sheriff's Office, the

official capacity § 1983 claims asserted against Sheriff Bradley and Officer Smith, and applicable state law immunity afforded officers for individual capacity claims. We address these arguments in turn below.

Plaintiffs' § 1983 claims against the Ripley County Sherriff's Office and Chief Bradley and Officer Smith in their official capacity cannot survive dismissal. It is well-established law that a § 1983 claim "against a government employee acting in his official capacity is the same as a suit directed against the entity the official represents." *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999); *accord Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (recognizing that a claim brought against an individual in their official capacity is "in all respects other than name, to be treated as a suit against the [municipal] entity … for the real party in interest is the entity") (internal citation omitted). Thus, when a plaintiff brings a claim against a municipal entity under § 1983, to the extent the plaintiff alleges the same claim against a government official in his or her official capacity, such claim is duplicative and subject to dismissal. *Moreno-Avalos v. City of Hammond, Ind.*, No. 2:16-cv-172, 2017 WL 57850, at *2 (N.D. Ind. Jan. 4, 2017) ("If a plaintiff brings a suit against a government entity, any claim against an officer of that entity in his or her official capacity is redundant and should be dismissed.") (collecting cases). Accordingly, Plaintiff's § 1983 claims against Chief Bradley and Officer Smith in their official capacity are dismissed.

It is also well-established that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978). Rather, under *Monell*, a constitutional

deprivation may be attributable to a municipality only "when execution of a government's policy or custom … inflicts the injury." *Houskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008) (quotation marks and citation omitted). A plaintiff can show that a constitutional violation resulted from the execution of a municipal policy or custom in the following three ways: "(1) an express policy causing the loss when enforced; (2) a widespread practice constituting a 'custom or usage' causing the loss; or (3) a person with final policymaking authority causing the loss." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (quoting *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004)). Here, Plaintiff's complaint lacks any factual allegations that an official policy, custom or usage caused the alleged constitutional injury. Therefore, Plaintiff's § 1983 claim against the Ripley County Sheriff's Office must be dismissed without prejudice.

With regard to the state law wrongful death claims alleged against Sheriff Bradley and Officer Smith in their individual capacity, because Plaintiff's complaint specifically alleges that all Defendants were acting within the scope of their employment at all relevant times, Sheriff Bradley and Officer Smith cannot be held personally liable for Plaintiff's state law claim for wrongful death. IND. CODE § 34-13-3-5(b) ("A lawsuit alleging that an employee acted within the scope of the employer's employment bars an action by the claimant against the employee personally."). Plaintiff's state law wrongful death claim against Sheriff Bradley and Officer Smith in their individual capacity is therefore dismissed without prejudice. *See Wynn*, 496 F. Supp. 3d at 1236 ("The complaint expressly alleges that [the defendant officers] were acting within the scope of

their employment at all relevant times. … Accordingly, they cannot be held personally liable for [the plaintiff's] state law claim[] for … wrongful death.").

## V. Conclusion

For the reasons detailed above, Defendants' Motions to Dismiss [Dkts. 16 and 19] are <u>GRANTED</u> without prejudice.  Plaintiff's remaining individual capacity § 1983 claims against Defendants Smith, Bradley, and Bastin shall proceed accordingly.

IT IS SO ORDERED.

Date:  7/2/2024

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Bethanni E. Forbush-Moss
Law Offices of Forbush-Moss PSC
attorney@kentuckianalaw.net

Douglas Alan Hoffman
Carson LLP
hoffman@carsonllp.com

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

Stephen C. Keller
Barnes Maloney PLLC
skeller@sbmkylaw.com

Alexander Thomas Myers
Office of Indiana Attorney General
alexander.myers@atg.in.gov